IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARINA LOZOYA | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CASE NO.  5:17-cv-191 |
| | § | |
| AMERICAN BANKERS INSURANCE | § | |
| COMPANY OF FLORIDA and JOE | § | |
| CASTILLO | § | |
| DEFENDANTS | § | |

**DEFENDANT AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA'S NOTICE OF REMOVAL**

1.     Defendant American Bankers Insurance Company of Florida ("ABIC") files this

Notice of Removal pursuant to 28 U.S.C.  Sections 1441 and 1446 as follows:

## I. INTRODUCTION

2.     This case is removable because all proper parties to this litigation are citizens of

different states and the matter in controversy exceeds $75,000.00.   Resident Defendant Joe

Castillo ("Castillo") has been joined improperly for the sole purpose of attempting to destroy

diversity.  Defendant Castillo's citizenship should be disregarded.

## II. COMMENCEMENT AND SERVICE

3.     The underlying lawsuit was commenced on August 11, 2017, when Plaintiff filed

her Original Petition and discovery requests ("Original Petition") in the 406th Judicial District

Court of Webb County, Texas, styled Cause No. 2017CVH001690-D4, *Marina Lozoya v.

American Bankers Insurance Company of Florida and Joe Castillo*.[1]   Plaintiff served CSC,

---

[1] *See* Exhibit B, Original Petition.
702791-v1/12538-069000

ABIC's registered agent, with a summons via certified mail return receipt requested.[2]  ABIC first received the citation and petition on September 12, 2017.

4.      This Notice of Removal is filed within thirty days of the actual receipt by ABIC of Plaintiff's Original Petition and is thus timely filed pursuant to 28 U.S.C. § 1446(b).  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

## III. GROUNDS FOR REMOVAL

5.      ABIC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.  The joinder of Joe Castillo residing in Texas, does not destroy diversity because Plaintiff has no possibility of recovering from Defendant Castillo.

## IV. DIVERSITY OF CITIZENSHIP

6.      This is an action with complete diversity of citizenship between Plaintiff and the properly joined Defendant.

7.      Plaintiff is a citizen of Texas.

8.      ABIC is organized under the laws of Florida with its principal place of business in Miami, Florida.  ABIC is therefore a citizen of the state of Florida within the meaning and intent of 28 U.S.C. § 1332.[3]

9.      Defendant Castillo is a citizen of Texas, nevertheless, the Court should disregard the citizenship of Joe Castillo for purposes of determining whether this case is removable

---

[2] *See* Exhibit A, Executed process of ABIC.
[3] *See* Exhibit G, detail by Entity Name from the Florida Department of State.
702791-v1/12538-069000

because the joinder of Castillo is improper because Plaintiff has no possibility of prevailing against him.

10.     No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## V.  PLAINTIFF'S ALLEGATIONS

11.     The Original Petition alleges several causes of action stemming from ABIC's adjustment of Plaintiff's claims for property damages made under a Texas residential property policy of insurance, including Texas Insurance Code violations, fraud, conspiracy to commit fraud, breach of contract, prompt payment act violations, and breach of the duty of good faith and fair dealing.  In most instances, the causes of action are asserted against ABIC.

12.     Furthermore, the "allegations" made by Plaintiff, either collectively or individually, against Castillo have no basis in law or fact, and Plaintiff has no possibility of establishing a valid cause of action against Castillo.   Boilerplate allegations of independent misconduct that contain no factual allegations of independent misconduct that caused any harm to Plaintiff are insufficient to state a cause of action against the in-state adjuster.

## VI.   PLAINTIFF IMPROPERLY JOINED THE RESIDENT DEFENDANT

13.     Under the federal removal statute, a case filed in state court may be removed to federal court if none of the parties *properly* joined as defendants are citizens of the state in which the action is brought.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (2004) (citing 28 U.S.C. § 1441) (en banc) ("Smallwood II.").   The doctrine of improper joinder prevents Plaintiffs from defeating federal diversity jurisdiction by improperly naming non-diverse defendants.  *Id.*, at 572-73.  When a defendant is improperly joined, a court must disregard the citizenship of that defendant for the purpose of determining whether diversity jurisdiction exists.

*Badon, Inc.*, 224 F.3d at 389-90.  A defendant is improperly joined when either (1) jurisdictional facts are fraudulently pled, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *Smallwood II.*, 385 F.3d at 573.  This case presents the latter.

14.     In analyzing allegations of improper joinder, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.*  In making such a determination, the Court (1) should evaluate whether the Original Petition satisfied the applicable state pleading requirements and (2) should conduct a Federal Rule 12(b)(6)-type inquiry and examine whether the allegations in the pleading state a cause of action against the in-state defendant.  *Smallwood II.*, 385 F.3d at 573; *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08–CV–0768–D, 2008 U.S. Dist. LEXIS 68646, at * 10, 2008 WL 4133377 (N.D. Tex. Aug. 29, 2008) (citing *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 537–38 (5th Cir. 2005)); *Watson v. Law Enforcement Alliance of Am., Inc.*, 386 F.Supp.2d 874, 878 (W.D. Tex. 2005).[4]  Whether Plaintiffs alleged a valid cause of action "depends upon and is tied to the factual fit between the [P]laintiff[s'] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  Here, there is no possibility of recovery by Plaintiff against Defendant Castillo because the pleading is factually and legally insufficient.

### A.  Defendant Castillo was Improperly Joined to Defeat Diversity

15.     Plaintiff has no possibility of recovery against Defendant Castillo, who is the only in-state defendant in this suit.  *See. e.g. Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242,

---

[4] The Court's determination may consider review of "summary judgment-type evidence such as affidavits and deposition testimony."  *Griggs*, 181 F.3d at 700.

702791-v1/12538-069000

250 (5th Cir. 2011) ("In light of the defendants'' undisputed evidence that Countrywide Home Loans of Texas did not originate or service the Cuevases' home loan, we find that . . . the Cuevases have no possibility of recovery against the in-state defendant.").

16.     The Court should dismiss Defendant Castillo from this lawsuit as an improperly joined defendant because Plaintiff fails to assert a cause of action against him.  *Cavallini v. State Farm Mut. Auto Ins., Co.*, 44 F.3d 256, 260 (5th Cir. 1995) (affirming district court's decision to dismiss a non-diverse insurance agent where the complaint did "not contain allegations which could support a claim under Texas law."); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952, at *2 (S.D. Tex. Feb. 24, 2014) (denying Plaintiff's Motion to Remand on the basis that Plaintiff's allegations were "not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on [the adjuster]").

17.     Plaintiff's claims against Defendant Castillo are nothing more than unsubstantiated, general and boilerplate allegations of wrongdoing.  Mr. Castillo's sole role was to inspect the damages caused by wind and hail occurring on or about February 19, 2017, and to prepare an estimate of damages for ABIC's consideration.  Mr. Castillo made no coverage decisions and did not make the decision on the amounts to be paid Plaintiff.[5]  The substance of Plaintiff's allegations against Mr. Castillo amount to no more than a disagreement over the scope of damages.  A simple disagreement over the scope of damages does not give rise to a cause of action against the adjuster.  Plaintiff's real complaint is against ABIC for allegedly underpaying the claim.  The amount to be paid, and the determination as to what property was covered under the Policy, were solely those of ABIC.

---

[5] *See* Exhibit H, Bruner Affidavit, ¶8.
702791-v1/12538-069000

18.     Plaintiff does not establish a connection between Mr. Castillo and the alleged injuries sustained by Plaintiff.  Plaintiff's complete failure to assert any actionable facts setting forth Mr. Castillo's potential liability constitutes a failure to state a claim.  *Cavallini*, 44 F.3d at 260; *Waters v. State Farm Mut. Auto, Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) (noting that "given the relative financial positions of most insurance companies versus their agents, the only time an agent is going to be sued is when it serves a tactical legal purpose, like defeating diversity.") (internal citations and quotations omitted).

### B.  Plaintiff Failed to Satisfy Texas Pleading Requirements Against the Resident Defendant.

19.     Under the Texas Rules of Civil Procedure, a petition must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved."  Tex. R. Civ. P. 47(a).  Texas' fair notice pleading standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial."  *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. – Fort Worth 2004), rev'd on other grounds, 231 S.W.3d 389 (Tex. 2007).  Vague and collective pleading is insufficient to satisfy the "fair notice" requirement under Rule 47.  *See Perry v. Cohen*, 385 S.W.3d 137, 146 (Tex. App. – Austin, 2009, no pet.).

20.     Plaintiff pleaded many of her causes of action collectively, without distinguishing the specific conduct of each Defendant.  The alleged causes of action asserted against Castillo individually are nothing but global and boilerplate allegations devoid of any specific facts demonstrating a viable cause of action against Castillo.  These collective and boilerplate allegations fail to state a cause of action against any of them.  *Cavallini v. State Farm Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995) (holding that Plaintiff failed to state a valid bad faith claim against resident defendant when all allegations were made collectively against "Defendants.";

*TAJ Properties, LLC, Zurich Am. Ins. Co.*, CIV.A. H-10-2512, 2010 WL 4923473 at *4 (S.D. Tex. Nov. 29, 2010) (denying motion to remand because "[a]llegations merely asserted against "Defendants," without alleging what facts are attributed to [the non-diverse party] individually as opposed to [the diverse party], do not provide a reasonable basis for recovering from [the non-diverse party]."; *Holmes v. Acceptance Cas. Inc. Co.*, 942 F.Supp.2d 637, 647 (E.D. Tex. 2013) ("stating, "all of [the plaintiff's] factual allegations are grouped indiscernibly against 'Defendants.'  Thus, her petition does not distinguish [the resident defendant's] actions from those of [the diverse defendant]."). Here, Plaintiff's collective allegations against "Defendants" fail to establish a reasonable basis in law or fact for the claims against the Resident Defendant. Accordingly, the properly pled party to this litigation is a non-resident defendant, and this is an action with complete diversity of citizenship between Plaintiff and Defendant.

### C.  Plaintiff's Attempt to Defeat Diversity with Boilerplate Allegations Also Falls Short.

21.     Paragraph VI. 13 of Plaintiff's Original Petition generally alleges certain "facts" against Castillo.  The allegations are general, non-specific and lacking in demonstrating how Castillo specifically committed any violations of the Texas Insurance Code or any other law that actually caused harm to Plaintiff.  See Exhibit "B".  For example, Plaintiff generally alleges that Castillo:

- "made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff."

- "failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's claim."

- "conducted a substandard investigation of Plaintiff's claim, evidenced by the estimate issued by Defendant Castillo and relied upon by Defendant Castillo [sic]."

- "The damage estimate failed to include all damages to Plaintiff's property."

- "The damages Defendant Castillo included in the estimate were grossly undervalued and did not allow adequate funds to cover the cost of repairs to all the damages sustained."

- "Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's Claim."

- "knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim."

- "Because of Defendant Castillo's conduct, Plaintiff's claim was underpaid and partially-denied."

22.    Additionally, the "causes of action" asserted against Castillo in Paragraph VIII. 39-46, likewise do not provide the factual sufficiency required under the law to support joinder of Castillo in Plaintiff's lawsuit.  Specifically, Plaintiff fails to alleges facts which demonstrate (1) exactly what "numerous errors" were made; (2) how Castillo "failed to quantify" Plaintiff's damages; (3) how Castillo failed to perform a "thorough investigation" or conducted a "substandard investigation;" (4) what damages were allegedly not included in the estimate; (5) why the damages in the estimate were "grossly undervalued"; (6) how Castillo failed to "thoroughly review and supervise" the adjustment of the claim, including the inspection of the property; and (7) what damages were allegedly knowingly and intentionally "overlooked" and what was "inadequate and biased" regarding the investigation."  Under the law cited above, the Plaintiff must plead specific facts to support the general allegations made against Castillo in her petition.  Otherwise, the in-state defendant is improperly joined and diversity remains.

23.    Two recent cases are particularly instructive and support ABIC's Notice of Removal.  In *Scott Hengemuhle and Ty Properties, LLC v. Acceptance Indemnity Insurance Company*, Civil No. 4:17-cv-00409-ALM-KPJ, 2017 WL3808934 (E.D. Tex. Aug. 8, 2017), the court noted that "[G]eneral allegations that Saucier's investigation caused Plaintiffs harm

702791-v1/12538-069000

because it resulted in an undervaluation of the claims is not sufficient because there are no factual allegations of independent conduct on Saucier's part, which caused Plaintiff any harm. *Id.* at *3.  On similar facts as in this case, the Court held that Plaintiffs' allegations against the adjuster had no basis in law or fact, and found that Plaintiffs have no possibility of establishing a valid cause of action against the adjuster.  *Id.*

24.     Further, the Court in *Robert Crawford v. Allied Property and Casualty Insurance Company, Laura Jones*, Civil Action No. 4:17-CV-00368-ALM-CAN, 2017 WL 4079544 (E.D. Tex. Aug. 30, 2017) also stated that "Plaintiff's form pleading names an in-state adjuster – Jones – as a defendant in order to avoid removal to federal court," but fails to assert any cause of action against Jones that would survive a Rule 12(b)(6) analysis.  To recover on such a claim, a plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm.  The *Crawford* court laid out Plaintiff's general allegations against the in-state adjuster and found that they were boilerplate and insufficient to state a valid claim against the in-state adjuster.   The court reached this conclusion because there were no factual allegations of independent conduct alleged on the in in-state adjuster's part which caused any harm to the plaintiff.   An alleged misrepresentation must be about the details of the policy, not the facts giving rise to a claim of coverage.  *Id.* at *3-4.  As a result, Plaintiff's effort to remand the case failed.

## VII. <u>AMOUNT IN CONTROVERSY</u>

25.     Plaintiff's Original Petition ("Petition") alleges that "Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00."  In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount

in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount. *See* U.S.C. § 1446(b)(3); U.S.C. § 1446(c)(3)(A).  If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers, (ii) making an independent appraisal of the amount of the claim, or (iii) remanding the case. *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).  If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on ABIC's removal papers, the Court will conclude that the amount in controversy of the causes of action brought by Plaintiff exceeds $75,000.00.

### The Amount In Controversy of the Claims Brought By Plaintiff Exceeds $75,000 Based on Plaintiff's Original Petition.

26.     The amount in controversy of Plaintiff's claims in this case exceeds $75,000.00. Plaintiff specially pled that the amount in controversy is between $100,000.00 and $200,000.00.[6] This allegation of damages in excess of $75,000.00 must be taken at face value.  *See e.g. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938) (there is a strong presumption that Plaintiff did not inflate damage claim in order to support remand to federal court.)  Thus, this Court has jurisdiction under 28 U.S.C. § 1332.

---

[6] *See* Plaintiff's Original Petition
702791-v1/12538-069000

## VIII. <u>VENUE</u>

27.     Venue lies in the Southern District of Texas, Laredo Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

## IX. <u>NOTICE</u>

28.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## X. <u>STATE COURT PLEADINGS</u>

29.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

## XI.     <u>CONSENT</u>

30.     The consent of Defendant Castillo is not required because he is improperly joined and has not been served.

## XII.     <u>EXHIBITS TO NOTICE OF REMOVAL</u>

31.     Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A.  All executed process in the case;

    B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

        1.  Plaintiffs' Original Petition and discovery requests;

    C.  Docket sheet;

    D.  An index of matters being filed;

    E.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

    F.  Civil Cover Sheet;

    G.  Detail by Entity Name from the Florida Department of State;

    H.  Affidavit of Andy Bruner, and

    I.  Plaintiff's Texas Residential Property Policy.

32.    There are no orders signed by the state court judge.

## XIII.    <u>JURY DEMAND</u>

33.    Plaintiffs have demanded a jury in the state court proceeding.

## XIV.    <u>CONCLUSION</u>

WHEREFORE, Defendant ABIC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 406th Judicial District Court of Webb County, Texas to this Court.

Dated:  October 2, 2017.

                                   Respectfully submitted,

                                   /s/ April F. Robbins
                                   April F. Robbins
                                   Federal I.D. No.  14875
                                   State Bar No. 16983470
                                   Email:  arobbins@belaw.com
                                   Carter L. Ferguson
                                   Federal I.D. No. 33538
                                   State Bar No. 06909500
                                   Email:  cferguson@belaw.com

BRACKETT & ELLIS, PC
100 Main Street
Fort Worth, Texas 76102
Telephone: (817) 338-1700
Facsimile:  (713) 337-8850

**ATTORNEY FOR DEFENDANT
AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record pursuant to the applicable Federal Rules of Civil Procedure on this 2nd day of October, 2017 as follows:

William T. Jones, Jr.
bjones@GBTriallaw.com
Robert D. Green
green@greentriallaw.com
Daniel P. Barton
dbarton@bartonlawgroup.com
Roy J. Elizondo, III
relizondo@GBTriallaw.com
Green & Barton
1201 Shepherd Drive
Houston, TX 77007

*/s/  April F. Robbins*
April F. Robbins